## IN THE UNITED STATES DISTRICT COURT
## FOR THE TENTH CIRCUIT IN KANSAS

| | | |
|---|---|---|
| **JEFFREY BINK** | ) | |
| 19 E. 113th St. | ) | |
| Kansas City, MO 64114 | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.** |
| | ) | |
| **v.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **JMA RAILROAD SUPPLY COMPANY** | ) | |
| 11689 Rosehill Rd. | ) | |
| Overland Park, KS 66210 | ) | |
| | ) | |
| Serve:  Registered Agent | ) | |
| **William Stevens** | ) | |
| **927 Shields Ave.** | ) | |
| **Seymour, IN 47274** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>COMPLAINT FOR DAMAGES</u>

**I. Preliminary Statement**

    1.    COMES NOW, Plaintiff, Jeffrey Bink, by and through his attorneys of record Baldwin & Vernon and brings this cause of action against Defendant JMA Railroad Supply Company, hereinafter collectively referred to as "Defendant Company." This action seeks declaratory, injunctive and equitable relief, actual, compensatory and punitive damages, and costs and attorneys' fees may be awarded pursuant to 42 USC §2000e-5(k) and Federal Rules of Civil Procedure 54, for Defendant Company's conduct and actions taken against Plaintiff.

**II. Jurisdiction**

    2.    This Court has original jurisdiction in this section pursuant to 28 U.S.C. 1331 and 1343, 29 U.S.C. section 621, 42 U.S.C. 12188, 42 U.S.C. 2000a-3(a), and 42 U.S.C. 2000a-6(a); 28 USC § 1343 (4), 42 USC § 2000e-5 (f).  A Right-to-sue letter was issued by the Equal Employment

Opportunity Commission (EEOC) on August 6, 2021. The Right To Sue Letter, including a copy

of Plaintiff's original charge of discrimination filed with the EEOC, is attached hereto as exhibit

1 and is hereby incorporated as if fully set forth herein.

3.      Jurisdiction of this Court is invoked to secure protection and redress deprivation of

rights guaranteed by federal law which rights provide for injunctive relief and other relief for

illegal employment discrimination.

4.      Declaratory, injunctive, and equitable relief is sought pursuant to 28 USC § 2201,

§ 2202, 42 USC § 1981a.

5.      This action arises under the Americans with Disabilities Act of 1990 ("ADA"), as

amended by the ADA Amendment Act of 2008 ("ADAAA"), 42 USCA §12101 et. seq., the Civil

Rights Act of 1991, 42 U.S.C. § 1981a. Plaintiff is alleging claims of employment discrimination

based on disability/perceived disability and age.

6.      The ADAAA prohibits employers from "discriminat[ing] against a qualified

individual on the basis of disability," 42 U.S.C. §12112(a), and requires employers to provide

"reasonable accommodations to the known physical or mental limitations of an otherwise qualified

[employee] with a disability," *id* §12112(b)(5)(A).

7.      Costs and attorneys' fees may be awarded pursuant to 42 USC § 2000e-5(k) and

the Federal Rules of Civil Procedure 54 and are requested by Plaintiff.

8.      The Plaintiff, based upon reasonable belief at this time absent discovery, indicates

that the amount of compensatory and/or special damages in controversy is in excess of $25,000.00;

in addition, Plaintiff seeks declaratory, injunctive and equitable relief, as well as punitive damages.

9.      Prior to filing this Complaint for Damages, Plaintiff sought administrative relief

through the Equal Employment Opportunity Commission to no avail and exhausted all required

administrative procedures prior to filing this Complaint for Damages.

## III. Venue

10.     This action properly lies United States Federal Court for the District of Kansas, pursuant to 42 USC § 2000e-5(f)(3) and 28 U.S.C. 1391(b)(1), because unlawful employment practices were committed in this judicial district.

11.     Venue is proper in that Defendant Company is located within this District and the acts complained of took place within this District.

## IV. Parties

12.     Plaintiff Jeffrey Bink is a resident of the United States, residing at 19 E. 113th St. Kansas City, MO 64114.

13.     Defendant JMA Railroad Supply Company, hereinafter referred as "Defendant Company," is an employer engaged in an industry affecting commerce, and, upon information and belief, employs more than 100 regular employees. Defendant Company is a corporation, (containing within its charter the requisite authority to sue and be sued), and does business in this judicial district, doing business at various locations located within Johnson County, at relevant times referred to herein, and specifically at 11689 Rosehill Rd. Overland Park, KS 66210 with its corporate offices at 927 Shields Avenue, Seymour, Indiana 47274. Defendant Company is an employer within the meaning of 42 USC § 2000e *et seq*.

## V. Facts Common to All Counts

17.     Plaintiff, Jeffrey Bink, is a 65-year-old male, who worked for JMA Railroad Supply Company, hereinafter referred to collectively as "Defendant Company" for over 10 years.

18.     Plaintiff was hired by JMA Railroad Supply Company in 2009.

19.     Fred Miller recruited Plaintiff to this company as he was struggling with sales to the United Pacific Railroad ("UPRR") and the Burlington Northern and Sante Fe Railway ("BNSF").

20.     Plaintiff was able to quickly resolve the sales problem.

21.     Bill Stevens is the current General Manager for JMA Railroad Supply Company.

22.     Bill Stevens has a reputation for backstabbing and deceit.

23.     He created a hostile work environment and "ruled by intimidation."

24.     Fred Miller and Bill Stevens had a troubled relationship for years.

25.     Additionally, Jack Matthews (owner) has two daughters, Kim Matthews and Laura Matthews Faucet who were contractors for Defendant Company and intended to rid the company of its older employees.

26.     In 2010, Plaintiff was offered a job from Reelco Locomotive.

27.     Plaintiff left Defendant Company for a period of 3 weeks before Rick Turner and Jack Matthews demanded that Plaintiff return to his position at Defendant Company with increased bonuses.

28.     Over the period that Plaintiff was gone, sales had decreased drastically.

29.     When Plaintiff returned to Defendant Company, Jack Matthews announced that Plaintiff was a "lifetime employee for [his] sales value."

30.     This statement infuriated Bill Stevens and the Matthews daughters.

31.     On or about February 1, 2021, Plaintiff had 3 heart attacks and an open-heart bypass.

32.     Plaintiff was informed by Erin Hall (marketing) that Bill Stevens had made the statement while Plaintiff was out that, "If [Plaintiff] dies while in surgery that would eliminate the need for his plot to get rid of [Plaintiff]."

33.     After Plaintiff returned from his open-heart surgery, Bill Stevens began having him turn in a daily report of what he was working on.

34.     No other employee was required to do this.

35.     Bill Stevens also took away the tools Plaintiff needed to do his job, which included his company car and expense account.

36.     Plaintiff was treated like dirt in front of the new, younger, sales staff.

37.     Plaintiff asked Bill Stevens to stop bullying him in his last sales meeting.

38.     Plaintiff was set up to fail as he was being held to an impossibly high standard in comparison to the other sales associates.

39.     The sales agenda regularly had 20 items for Plaintiff to report and one to two items for the younger sales staff.

40.     Then, Plaintiff's sales accounts began to be removed and handed down to younger members of the sales staff.

41.     Plaintiff knew he was being set up for termination when he was down to 5 accounts of the 500 open accounts.

42.     On or about June 4, 2021, Bill Stevens e-mailed Plaintiff a bogus chart stating that Plaintiff cost the company too much money to continue working for Defendant Company.

43.     Plaintiff was told that his pay would be cut.

44.     Plaintiff's last months commission was not paid, his pension has been held hostage, his vacation days were not paid, and no severance package was offered.

45.     Plaintiff has experienced, is now experiencing, and will continue to experience into the indefinite future, garden variety emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses as a direct result of Defendant Company's conduct.

46.     Plaintiff has suffered and will continue to suffer future pecuniary losses as a direct result of Defendant Company's conduct.

47.     Defendant Company and its managers and other employees actively engaged in discrimination against Plaintiff with malice or in reckless indifference to his right to be free from such discrimination.

**VI. Causes of Action**

<u>**COUNT I**</u>

<u>**DISABILITY DISCRIMINATION FOR FAILURE TO ACCOMMODATE IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADAAA) AGAINST DEFENDANT COMPANY**</u>

48.     Plaintiff hereby incorporates and re-alleges all previously alleged Paragraphs as if fully set forth herein.

49.     Plaintiff was diagnosed with a heart condition and is therefore considered a member of the protected category under the Americans with Disabilities Act As Amended.

50.     Plaintiff was qualified and capable of performing the essential functions of the position and/or would have been if reasonable accommodations had been made for his handicap.

51.     Defendant Company's actions, as noted above, were discriminatory, continuous, arbitrary and capricious and constituted a disparity in treatment toward Plaintiff as compared to similarly situated individuals who were not disabled and, as such, Defendant Company's actions were unlawful employment practices in violation of Americans with Disabilities Act As Amended.

52.     Plaintiff's disability was a motivating factor in their decision to treat him disparately as compared to similarly situated non-disabled employees.

53.     Defendant Company engaged in said discriminatory practices with malice or reckless indifference to the protected rights of Plaintiff.

54.     As a direct and proximate result of Defendant Company's violation of the ADAAA, Plaintiff has suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment, and will so suffer in the future.

55.     As a further direct and proximate result of Defendant Company's violation of the ADAAA, Plaintiff has been placed in financial distress and has suffered a loss of earning and benefits, and a loss of and impairment of his earning capacity and ability to work, and will so suffer in the future.

56.     Plaintiff has been damaged by Defendant Company unlawful employment actions.

WHEREFORE, Plaintiff respectfully prays for a judgment in his favor and against Defendant Company on Count I of his Complaint, for a finding that he has been subjected to unlawful discrimination prohibited by 42 U.S.C. § 12101, *et seq.*, in violation of the American with Disabilities Act as Amended*;* for an award of compensatory and punitive damages; for his costs expended; for his reasonable attorneys' fees; and for such other relief as this Court deems just and proper.

## COUNT II

### PERCEIVED DISABILITY DISCRIMINATION
### IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADAAA)
### AGAINST DEFENDANT COMPANY

57.     Plaintiff hereby incorporates and re-alleges all previously alleged Paragraphs as if

fully set forth herein.

58.   Defendant Company's perceived Plaintiff as being disabled due to his heart condition, need for medical treatment.

59.   By treating him disparately as compared to other similarly situated employees who had not experienced a medical malady in violation of the ADAAA.

60.   The conduct and actions of the above-described perpetrators as discussed herein was conducted on the basis of perceiving the Plaintiff to have a disability and refusing to accommodate him, which constituted discrimination based on such disability.

61.   Defendant Company's perception of Plaintiff as disabled was a motivating factor in the decision to terminate him.

62.   Plaintiff suffered a tangible job detriment as a result of Defendant Company's discriminatory treatment.

63.   Defendant Company knew or should have known of the discrimination based on the perceived disability, but failed to address the problem, and further failed to reasonably accommodate Plaintiff's disability.

64.   The actions and conduct set forth herein were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Plaintiff.

65.   Plaintiff's disability was a motivating factor in Defendant Company decision to treat him disparately as compared to other similarly situated employees and to refuse to accommodate, and ultimately terminating him.

66.   As a direct and proximate result of Defendant Company's violation of the ADAAA, Plaintiff has suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment, and will so suffer in the future.

67.     As a further direct and proximate result of Defendant Company's violation of the ADAAA, Plaintiff has been placed in financial distress and has suffered a loss of earning and benefits, and a loss of and impairment of his earning capacity and ability to work, and will so suffer in the future.

68.     Plaintiff has been damaged by Defendant Company unlawful employment actions.

WHEREFORE, Plaintiff respectfully prays for a judgment in his favor and against Defendant Company on Count II of his Complaint, for a finding that he has been subjected to unlawful discrimination prohibited by 42 U.S.C. § 12101, *et seq.*, in violation of the American with Disabilities Act as Amended*;* for an award of compensatory and punitive damages; for his costs expended; for his reasonable attorneys' fees; and for such other relief as this Court deems just and proper.

## COUNT III

### AGE DISCRIMINATION UNDER THE ADEA
### AGAINST DEFENDANT COMPANY

69.     Plaintiff hereby incorporates and re-alleges all previously alleged Paragraphs as if fully set forth herein.

70.     Plaintiff is an individual subject to the protection of the MHRA based upon the fact that he was over 40 years old at the time of the events alleged herein.

71.     Defendant Company's actions, as noted above, constituted discrimination against the Plaintiff in violation of the ADEA.

72.     Defendant Company terminated Plaintiff's employment and Plaintiff's age was a motivating factor in the decision to terminate his employment.

73.     At the time these actions were taken by Defendant Company, Defendant Company

knew these actions were unlawful and that they were done with an evil motive and/or reckless indifference to the rights of Plaintiff to be free from such discrimination.

74.     Defendant Company's actions were unlawful employment practices in violation of the ADEA.

75.     Plaintiff has been damaged by Defendant Company's unlawful employment actions.

WHEREFORE, Plaintiff respectfully prays for a judgment in his favor and against Defendant Company on Count III of his Complaint, for a finding that he has been subjected to unlawful discrimination prohibited by 42 U.S.C. § 12101, *et seq.*, in violation of the ADEA*;* for an award of compensatory and punitive damages; for his costs expended; for his reasonable attorneys' fees; and for such other relief as this Court deems just and proper.

**VII. Prayer for Relief**

76.     Wherefore, Plaintiff prays that this Court:

   a.   declare the conduct engaged in by Defendant Company to be in violation of Plaintiff's rights;

   b.   enjoin Defendant JMA Railroad Supply Company and its managers/supervisors from engaging in such conduct;

   c.   restore Plaintiff to him rightful position with JMA Railroad Supply Company or, in lieu of reinstatement, order front salary and benefits for the period remaining until normal retirement;

   d.   award Plaintiff equitable relief of back salary and fringe benefits up to the date of reinstatement and prejudgment interest for that entire period or front

salary and benefits accrual;

e.   award Plaintiff compensatory, punitive and liquidated damages against Defendant Company;

f.   award Plaintiff damages for emotional pain and suffering;

g.   award Plaintiff his costs and attorneys' fees; and

h.   grant such other relief as it may deem just and proper.

## <u>DEMAND FOR A JURY TRIAL</u>

Plaintiff demands trial by jury on all issues triable by a jury in this complaint.

Respectfully submitted,

By: /s/ *Robin Koogler*
     Kevin Baldwin, KS Bar No. #18637
     Eric Vernon, KS Bar No. #21358
     Sylvia Hernandez, KS Bar No. #78914
     Robin Koogler, KS Bar No. #78915
     **BALDWIN & VERNON**
     108 S Pleasant St.
     Independence, MO 64050
     Tel: (816) 842-1102
     Fax (816) 842-1104
     Kevin@bvalaw.net
     Eric@bvalaw.net
     Sylvia@bvalaw.net
     Robin@bvalaw.net

     ATTORNEYS FOR PLAINTIFF